BLD-035                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4185
_____

IN RE:  SYLVESTER ANDREWS a/k/a Kazime,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-92-cr-00671-008)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 7, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 18, 2013 )
_____

OPINION
_____

PER CURIAM

Sylvester Andrews, a federal prisoner proceeding pro se, petitions for a writ of

mandamus compelling the District Court to, among other things, adjudicate his motion to

discharge counsel and proceed pro se.  For the reasons that follow, we will deny the

petition.

In 1993, Andrews was convicted of federal drug and weapons offenses arising out

of his participation in a drug-trafficking organization.  Andrews was sentenced to life in

prison on the drug offenses, plus a 40-year term of imprisonment based on two violations of 18 U.S.C. § 924(c). We affirmed the judgment on direct appeal.

In 2001, Andrews filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion because it was untimely and we denied Andrews' request for a certificate of appealability. In 2009, the District Court reduced Andrews' life sentence to 360 months in prison based on amendments to the Sentencing Guidelines for crack cocaine offenses. Andrews' 40-year consecutive sentence was not affected.

Andrews then filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the denial of his § 2255 motion. The District Court dismissed the motion as an unauthorized second or successive § 2255 motion. We granted a certificate of appealability and, on February 29, 2012, ruled that the District Court had erred because Andrews challenged the decision that his § 2255 motion was untimely, not a resolution of the merits of his claims. We remanded the matter to District Court to decide the merits of the Rule 60(b) motion.[1]

On June 14, 2012, the District Court directed the parties to address whether Andrews' Rule 60(b) motion should be granted. Andrews and the Government filed responses. On November 1, 2012, the District Court appointed Andrews counsel. The

---

[1] We set forth several questions for the District Court's consideration on remand, including whether Andrews' innocence under Bailey v. United States, 516 U.S. 137 (1995), with respect to one of his violations of § 924(c) constitutes "extraordinary circumstances" permitting Rule 60(b) relief. See C.A. No. 10-2088.

District Court then denied Andrews' Rule 60(b) motion "without prejudice subject to his right to file a counseled Rule 60(b) motion." Dist. Ct. Order dated 11/27/12.

Counsel, however, did not file a Rule 60(b) motion and, on February 7, 2013, Andrews filed in District Court a "Notice of Appearance as Pro-se Litigant under Title 28 U.S.C. § 1654" asking to remove his counsel of record, proceed pro se "with assistance of counsel," and re-instate his pro se filings. On July 11, 2013, Andrews filed another "Notice of Appearance" seeking the same relief. Andrews also asked the District Court to address the questions set forth in our decision and its June 14, 2012 order.

Andrews then filed a mandamus petition in this Court asking us to compel the District Court to adjudicate his Rule 60(b) motion based on his pro se filings. In a decision issued September 5, 2013, we agreed with Andrews that the resolution of his Rule 60(b) motion had been delayed since he was appointed counsel, but we did not find at that time that there had been undue delay by the District Court in addressing his filings. We thus denied the petition without prejudice to Andrews' filing a new mandamus petition if the District Court did not act within a reasonable time. See C.A. No. 13-3272.

Shortly thereafter, on September 9, 2013, the District Court vacated its November 27, 2012 order denying Andrews' Rule 60(b) motion without prejudice and, noting the unexplained delay by counsel, reached the merits of Andrews' Bailey claim. The District Court ruled that Andrews' conviction for use of a destructive device during and in relation to a drug trafficking crime violates federal law because, as the Government had conceded, Andrews is actually innocent of that crime under Bailey. The District Court

3

vacated Andrews' 30-year sentence for that crime. The District Court also recognized that Andrews had filed an amended Rule 60(b) motion seeking to pursue other claims. The District Court denied this motion without prejudice and ordered counsel to file a motion on Andrews' behalf.

Counsel filed a Rule 60(b) motion, but Andrews filed additional motions to discharge counsel and proceed pro se. Andrews also filed the present mandamus petition in this Court seeking, among other things, to compel the District Court to rule on his motion to discharge counsel and proceed pro se.

The record reflects that the District Court held a hearing on October 30, 2013 to address Andrews' representation. In an order issued the same day, the District Court granted Andrews' motion to discharge counsel and proceed pro se and appointed Andrews' attorney to act as stand-by counsel. Thus, to the extent Andrews asks us to compel the District Court to rule on his motion to discharge counsel and proceed pro se, this request is now moot. Andrews also asks that we compel the District Court to accept his recently filed § 2255 motion. This request is also moot. The District Court dismissed this motion without prejudice in its October 30, 2013 order.

Andrews also seeks an order directing that his case be assigned to another judge because he does not believe the currently assigned judge can be impartial. Andrews, however, has not filed a motion for recusal in District Court and that remedy remains available. Similarly, Andrews asks that we rule on the merits of his claims and grant him a new trial. The District Court's October 30, 2013 order allows Andrews to file a Rule

4

60(b) motion setting forth all grounds on which he seeks relief.  Andrews has an available remedy in District Court.  Mandamus relief is thus not warranted.  <u>See</u> <u>Hollingsworth v. Perry</u>, 558 U.S. 183, 190 (2010) (per curiam) (in order to obtain a writ of mandamus, a party must show that no other adequate means exists to attain the desired relief).

Accordingly, we will deny the petition for a writ of mandamus.